# Exhibit C

FILED
9/11/2017 4:51 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-17-04860-E

Cause No. _____

| | | |
|---|---|---|
| PRSM II, L.L.C., HULEN POINTE RETAIL, L.L.C., and TRI MARSH RETAIL, L.L.C., *Plaintiffs,* § § § § § | | IN THE COUNTY COURT |
| v. § § | | AT LAW NO. _____ OF |
| CHUBB CUSTOM INSURANCE COMPANY, *Defendant.* § § | | DALLAS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs PRSM II, L.L.C. ("PRSM II"), Hulen Pointe Retail, L.L.C. ("Hulen Pointe"), and Tri Marsh Retail, L.L.C. ("Tri Marsh") file this Plaintiffs' Original Petition.

**Discovery**

1.  Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**Parties**

2.  PRSM II is a Texas limited liability company with its principal office located in Collin County, Texas.

3.  Hulen Pointe is a Texas limited liability company with its principal office located in Dallas County, Texas.

4.  Tri Marsh is a Texas limited liability company with its principal office located in Dallas County, Texas.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

5. Defendant Chubb Custom Insurance Company ("Chubb") is a New Jersey insurance company with its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059-6711. Chubb engages in business in Texas as an eligible surplus lines insurance company. Chubb may be served with citation and a copy of this petition by serving its registered agent, C T Corporation System at its registered office address at 1999 Bryan St, Ste. 900, Dallas, Dallas County, Texas 75201-4284.

## Venue

6. Pursuant to § 15.002(a)(3) of the Texas Civil Practice and Remedies Code, venue is proper in Dallas County, Texas, because Chubb is not a natural person and Chubb's principal office in Texas is located in Dallas County.

## Claim for Relief

7. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $100,000 but not more than $200,000, and nonmonetary relief.

## Facts

8. This is a suit to reform an insurance policy and to recover insurance proceeds due under such policy.

9. Hulen Pointe is the owner of the Hulen Pointe Shopping Center located in Fort Worth, Tarrant County, Texas (the "Shopping Center").

10. Tri Marsh is the management company for the Shopping Center.

11. PRSM II is a master purchasing group which buys insurance, including property and casualty insurance, for business entities which are members of the group.

12. In 2015, PRSM II purchased insurance policy number 000079578451 from Chubb (the "Policy") through its producing agent Burns & Wilcox, Ltd. The Policy initially insured 49


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

premises for, among other things, direct physical loss or damage to building or personal property caused by or resulting from a peril not otherwise excluded.

13. In October 2015, Tri Marsh sought to add several locations to the Policy, including the Shopping Center. PRSM II contacted Chubb, through its producing agent Burns & Wilcox, Ltd., and Chubb agreed to add the Shopping Center and other locations to the Policy in exchange for the payment of additional premium

14. The Shopping Center consists of four buildings and the surrounding parking lots and common areas bounded on three sides by Hulen Bend Boulevard, S. Hulen Street, and Oakmont Boulevard respectively, illustrated on the site map of the Shopping Center as follows:



Three of the buildings are subdivided into retail suites which are leased to various tenants; the fourth building is leased to a tenant that operates a movie cinema (the "Cinema").

3


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

15. When requesting that the Policy be amended to add the Shopping Center, Plaintiffs provided information concerning the square footage, rental income, and market value of the Shopping Center as well as the following four street addresses:

- 6217 Oakmont Blvd., Fort Worth, TX
- 6218 Hulen Bend Blvd., Fort Worth, TX
- 6242 Hulen Bend Blvd., Fort Worth, TX
- 6300 Hulen Bend Blvd., Fort Worth, TX

Plaintiffs incorrectly listed the street address of the building housing the Cinema as "6300" instead of the actual street address: 6330 Hulen Bend Blvd., Fort Worth, TX

16. Chubb issued Endorsement # 6 adding the locations requested to the Policy, including the Shopping Center as Premises # 57. Chubb also invoiced Plaintiffs $62,057 in additional premium for the added locations, which was timely paid in full by Plaintiffs.

17. On or about March 17, 2016, a severe hail storm swept through the DFW area, badly damaging all four buildings in the Shopping Center. The direct physical loss and damage to the building and personal property at the Shopping Center caused by or resulting from the hail storm is not otherwise excluded by the Policy. Plaintiffs timely and properly submitted a claim for this loss.

18. Chubb acknowledged and paid Plaintiffs' claim as it relates to the three retail buildings located in the Shopping Center, but denied Plaintiffs' claim as it relates to the Cinema. Through its agents, Chubb has indicated that the sole reason for the denial of Plaintiffs' claim as it relates to the Cinema is the error in listing the street address of the Cinema as "6300" instead of "6330."


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

19. At all times, Chubb and its producing agent were aware that the Shopping Center had four buildings, which included the Cinema. In underwriting the addition of the Shopping Center to the Policy, Chubb and its agents were fully aware that the Shopping Center included the Cinema. Chubb based its additional premium on rental income, which included the Cinema, and market value, which included the Cinema.

20. There is no separate building located at 6300 Hulen Bend Blvd., Fort Worth, TX at all.

21. The listing of the street address as "6300" instead of "6330" Hulen Bend Blvd., Fort Worth, TX was a mutual mistake which was made in the preparation of Endorsement # 6 to the Policy. The agreement of the parties was to add the Shopping Center in its entirety to the Policy.

22. All conditions precedent have been performed or have occurred.

## CAUSES OF ACTION

**Reformation**

23. Due to a mutual mistake of the parties, the Shopping Center is described in the Premises Summary of Endorsement # 6 of the Policy as:

> PREMISES #57   6242 HULEN BEND & 6217 OAKMONT & 6218 HULEN BEND
>                     & 6300 HULEN BEND
>                     FORT WORH, TEXAS 76132
>                     COUNTY OF TARRANT

Plaintiffs request that the Court grant the remedy of reformation to correct the mutual mistake of the parties such that the Shopping Center be described in the Premises Summary of Endorsement # 6 of the Policy as:


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

PREMISES #57   6242 HULEN BEND & 6217 OAKMONT & 6218 HULEN BEND
                          & 6330 HULEN BEND
                          FORT WORH, TEXAS 76132
                          COUNTY OF TARRANT

Plaintiffs have clean hands, and the original agreement of the parties to add the Shopping Center to the Policy can best be remedied by reformation as requested herein.

**Breach of Contract**

24.    Plaintiffs paid the additional premium to Chubb in good faith reliance upon its promise to insure the Shopping Center, and the other added premises locations, for the policy period for, among other things, direct physical loss or damage to building or personal property caused by or resulting from a peril not otherwise excluded.  All four buildings in the Shopping Center sustained a direct physical loss and damage to the buildings and personal property caused by or resulting from the hail storm which occurred on or about March 17, 2016, which peril is not otherwise excluded by the Policy.  Chubb breached its policy of insurance by not paying Plaintiffs for such physical loss and damage to the building which has the Cinema, in accordance with the terms of the Policy, using as a pretext for its denial the mutual mistake in listing the street address of the Cinema.  As a direct result of Chubb's breach, Plaintiffs have sustained actual damages in the amount of approximately $40,000.

**Attorney Fees**

25.    It was reasonable and necessary for Plaintiffs to retain John M. Frick, a licensed attorney, to prosecute this suit on their behalf.  More than thirty days before filing suit, Plaintiffs presented their claim to Chubb.  Chubb has failed to pay the just amount owed as of the date this petition is filed.  Therefore, Chubb is also liable to Plaintiffs for reasonable attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.


TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

PRAYER

Based upon the foregoing, Plaintiffs requests that this Court award judgment in their favor and against Chubb for:

1. Reformation as requested herein;
2. Actual damages;
3. Attorney fees;
4. Prejudgment interest and post-judgment interest as provided by law; and
5. Costs of court.

Plaintiffs further pray for general relief.

    Respectfully submitted,

    */s/ John M. Frick*

    John M. Frick
    State Bar No. 07455200
    jfrick@bennettweston.com

    BENNETT, WESTON LAJONE & TURNER, P.C.
    1603 LBJ Freeway, Suite 280
    Dallas, Texas 75234
    Tel:   972.662.4901
    Fax:   214.393.4043

    ATTORNEY FOR PLAINTIFFS
    PRSM II, L.L.C.,
    HULEN POINTE RETAIL, L.L.C. AND
    TRI MARSH RETAIL, L.L.C.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE